UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JANELL KERR, INDIVIDUALLY AND AS THE
NATURAL PARENT OF SEBASTIAN KERR,
PHILLIP MASSEY, INDIVIDUALLY AND AS THE
NATURAL PARENT OF SYDNEY MASSEY,
CHARLES YOKLEY AND REGINA YOKLEY,
INDIVIDUALLY AND AS THE NATURAL
PARENTS OF BROOKE YOKLEY AND
CARLEIGH YOKLEY,

        Plaintiffs,

v.                                       Case No.: 1:12-cv-00084

**CHRYSLER GROUP LLC, and JOHN DOES I-X**     Judge: Haynes

        Defendants.                   Magistrate: Bryant

## DEFENDANT CHRYSLER GROUP LLC'S ANSWER TO PLAINTIFFS' COMPLAINT

Now comes Chrysler Group LLC by and through counsel, and further Answers the Plaintiffs' Complaint as follows:

1. This Defendant denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in Paragraph 1 of Plaintiffs' Complaint.

2. This Defendant denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in Paragraph 2 of Plaintiffs' Complaint.

3. This Defendant denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in Paragraph 3 of Plaintiffs' Complaint.

4. This Defendant admits that Chrysler Group LLC, incorrectly identified in Paragraph 4 of Plaintiffs' Complaint as Chrysler Group, is a limited liability company established under the laws of the State of Delaware. This Defendant further admits that it distributes vehicles in the state of Tennessee. This Defendant denies each and every other allegation as contained in Paragraph 4 of Plaintiffs' Complaint.

1

5. This Defendant denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in Paragraph 5 of Plaintiffs' Complaint.

6. This Defendant denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as to whether the damages sought by the Plaintiffs are in excess of the jurisdictional limits of this Court but denies any culpability or responsibility for any claimed damages. Moreover, Chrysler Group LLC cannot represent to this Court that diversity exists between the Parties. Chrysler Group LLC is a limited liability company and as such its citizenship is the citizenship of its members. Chrysler Group LLC cannot state that there are not any Tennessee residents among its tens of thousands of members.

7. Based on information and belief, this Defendant admits the accident which is the subject of this lawsuit occurred in Humphreys County, Tennessee. This Defendant denies each and every other allegation as contained in Paragraph 7 of Plaintiffs' Complaint.

8. This Defendant denies the allegations as contained in paragraph 8 of Plaintiffs' Complaint.

9. This Defendant denies that the vehicle in question was "unreasonably dangerous or defective" and further this Defendant denies for want of knowledge or information sufficient to state the truth or veracity of the remaining allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10. This Defendant denies the allegations as contained in Paragraph 10 of Plaintiffs' Complaint.

11. This Defendant denies the allegations as contained in Paragraph 11 of Plaintiff's Complaint.

12. This Defendant denies the allegations as contained in Paragraph 12 of Plaintiffs' Complaint.

13. This Defendant denies the allegations as contained in Paragraph 13 of Plaintiffs' Complaint.

14. This Defendant hereby incorporates the admissions and denials as set forth in Paragraphs 1 through 13.

15. This Defendant denies the allegations as contained in paragraph 15 of Plaintiffs' Complaint.

16. This Defendant denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 16 of Plaintiffs' Complaint.

17. This Defendant denies the allegations as contained in Paragraph 17 including, but not limited to, sub-paragraphs 17(a), 17(b), 17(c), 17(d), 17(e), 17(f), 17(g), 17(h), 17(h)(i), 17(h)(ii), 17(h)(iii), 17(i), 17(j), 17(k), 17(l), 17(m), 17(n), 17(o).

18. This Defendant denies the allegations as contained in Paragraph 18 of Plaintiffs' Complaint.

19. This Defendant denies the allegations as contained in Paragraph 19 of Plaintiffs' Complaint.

20. This Defendant denies the allegations as contained in Paragraph 20 of Plaintiffs' Complaint.

21. This Defendant denies the allegations as contained in Paragraph 21 of Plaintiffs' Complaint.

22. This Defendant denies the allegations as contained in Paragraph 22 of Plaintiffs' Complaint.

23. This Defendant hereby incorporates the admissions and denials as set forth in Paragraphs 1 through 22.

24. This Defendant denies the allegations as contained in Paragraph 24 of Plaintiffs' Complaint.

25. This Defendant denies the allegations as contained in Paragraph 25 including, but not limited to, sub-paragraphs 25(a), 25(b), 25(c), 25(d), 25(e), 25(f), 25(g), 25(h), 25(h)(i), 25(h)(ii), 25(h)(iii), 25(i), 25(j), 25(k), 25(l), 25(m), 25(n), 25(o).

26. This Defendant denies the allegations as contained in Paragraph 26 of Plaintiffs' Complaint.

27. This Defendant hereby incorporates the admissions and denials as set forth in Paragraphs 1 through 26.

28. This Defendant denies that Chrysler Group LLC made any express or implied warranty to the minor Plaintiffs. Further, this Defendant admits that any express warranty provided with the vehicle speaks for itself. Finally, this Defendant admits that all implied warranties as required by Tennessee statutory and common law would be in effect. This Defendant denies each and every other allegation as contained in Paragraph 28 of Plaintiffs' Complaint.

29. This Defendant denies the allegations as contained in Paragraph 29 of Plaintiffs' Complaint.

30. This Defendant denies the allegations as contained in Paragraph 30 of Plaintiffs' Complaint.

31. This Defendant denies the allegations as contained in Paragraph 31 of Plaintiffs' Complaint.

32. This Defendant denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in Paragraph 32 of Plaintiffs' Complaint.

33. This Defendant admits that any written warranty provided with the vehicle speaks for itself. Further, this Defendant admits that any implied warranty as required under Tennessee common or statutory law was in effect. This Defendant denies each and every other allegation as set forth in Paragraph 33 of Plaintiffs' Complaint.

34. This Defendant denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in Paragraph 34 of Plaintiffs' Complaint.

35. This Defendant denies the allegations as contained in Paragraph 35 of Plaintiffs' Complaint.

36. This Defendant admits that the vehicle was sold pursuant to all duties as required under Tennessee statutory and common law, but denies each and every other allegation as contained Paragraph 36 of Plaintiffs' Complaint.

37. This Defendant denies the allegations as contained in Paragraph 37 of Plaintiffs' Complaint.

38. This Defendant denies the allegations as contained in Paragraph 38 of Plaintiffs' Complaint.

39. This Defendant denies the allegations as contained in Paragraph 39 of Plaintiffs' Complaint.

40. This Defendant states that this Answer is being filed in compliance with the Federal Rules of Civil Procedure.

41. This Defendant denies the allegations as contained in Paragraph 41 of Plaintiffs' Complaint.

42. This Defendant denies the allegations as contained in Paragraph 42 of Plaintiffs' Complaint.

43. This Defendant requests a trial by jury of its peers.

44. This Defendant denies any allegations not expressly admitted.

## **AFFIRMATIVE DEFENSES**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, this Defendant hereby pleads its affirmative defenses in this action as follows:

1. Pursuant to the Tennessee Product Liability Act, Plaintiffs' claims against this Defendant for strict liability, breach of express or implied warranty or warranty of merchantability and fitness for a particular purpose, breach of or failure to discharge a duty to warn or instruct, defective design or manufacture, manufacture of an unreasonably dangerous product, failure to inspect, negligence and recklessness have all been subsumed into a singular "products liability action." T.C.A. § 29-28-102 (6).

2. Plaintiffs' Complaint fails to state a claim upon which relief may be granted and/or fails to state facts upon which relief can be granted.

3. This Defendant affirmatively states this vehicle was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer and there exists no post-sale duty to warn under Tennessee law.

4. This Defendant avers that Plaintiffs' alleged damages and injuries, if any, are the direct and proximate result of prior damage, lack of repair, changes, alterations, or other modifications made to the product after it left the possession or control of this Defendant which modifications may have contributed to or caused the injuries alleged by Plaintiffs.

5. This Defendant relies upon all affirmative defenses afforded it by the Tennessee Products Liability Act.

6. This Defendant asserts that the subject vehicle, when designed, manufactured and sold, conformed with the state of scientific and technological knowledge available to the manufacturer, and this Defendant relies upon the customary designs, methods, standards and techniques of manufacturing, testing, warning and inspecting used by other manufacturers of similar products. This Defendant relies upon the defense afforded by T.C.A. 29-28-105

7. The manufacturer complied with all federal and state statutes and administrative regulations existing at the time the subject vehicle was manufactured that prescribed standards for design, inspection, testing, manufacture, labeling, warning or instructions for use of a product. Therefore, this Defendant relies upon the rebuttable presumption that the product was not in an unreasonably dangerous condition. T.C.A. § 29-28-104.

8. This Defendant avers the accident or incident and the alleged injuries and damages for which recovery is sought were caused or contributed to by a person or persons other than this Defendant and over whom this Defendant had neither control nor the right to control, or resulted from some independent cause, phenomenon or misadventure beyond the control of this Defendant and for which this Defendant are not liable.

6
Case 1:12-cv-00084   Document 5   Filed 08/15/12   Page 6 of 11 PageID #: 26

9. To the extent these defenses are not part of the comparative fault analysis; this Defendant relies on the defenses of misuse and/or abnormal use of the product, superseding cause, assumption of the risk, and/or failure to follow proper instructions, if proven applicable by investigation and discovery.

10. This Defendant avers the following persons or entities may have been responsible in whole or in part for the incident and may be comparatively negligent for any and all damages being claimed by the Plaintiffs, if proven applicable by investigation and discovery:

   a. Plaintiff Sebastian Kerr is comparatively negligent for failing to properly utilize his seatbelt and/or available occupant restraint system. The basis for comparative fault against Plaintiff Sebastian Kerr is preliminary given the early stage of this litigation. This Defendant is merely attempting to provide certain information that may be applicable to the comparative fault defense and this Defendant is in no manner limiting its basis for comparative fault to the party identified herein.

   b. Plaintiff Sydney Massey is comparatively negligent for failing to properly utilize her seatbelt and/or available occupant restraint system. The basis for comparative fault against Plaintiff Sydney Massey is preliminary given the early stage of this litigation. This Defendant is merely attempting to provide certain information that may be applicable to the comparative fault defense and this Defendant is in no manner limiting its basis for comparative fault to the party identified herein.

   c. Plaintiff Brooke Yokley is comparatively negligent for failing to properly utilize her seatbelt and/or available occupant restraint system. The basis for comparative fault against Plaintiff Brooke Yokley is preliminary given the early stage of this litigation. This Defendant is merely attempting to provide certain information that may be applicable to the comparative fault defense and this Defendant is in no manner limiting its basis for comparative fault to the party identified herein.

   d. Plaintiff Carleigh Yokley is comparatively negligent for failing to properly utilize her

seatbelt and/or available occupant restraint system. The basis for comparative fault against Plaintiff Carleigh Yokley is preliminary given the early stage of this litigation. This Defendant is merely attempting to provide certain information that may be applicable to the comparative fault defense and this Defendant is in no manner limiting its basis for comparative fault to the party identified herein.

e. Bobby Joe Sasser, Youth Pastor at Destiny Church, 614 N. Main Street, Columbia, Tennessee 38401-3304, is comparatively negligent for the claimed injuries of Plaintiff Sebastian Kerr, Sydney Massey, Brooke Yokley and Carleigh Yokley. Mr. Sasser is reported to have been the driver of the subject vehicle in which the minor Plaintiffs were passengers. Mr. Sasser's operation of the vehicle was negligent and/or negligent *per se* in that Mr. Sasser failed to exercise reasonable care, failed to maintain his proper lane of travel, and/or may have fallen asleep while driving. Further, Mr. Sasser may be negligent for not properly supervising the passengers in the van, including the minor Plaintiffs, by ensuring the passengers were properly utilizing their seatbelts and/or occupant restraint systems. The basis for comparative fault against Bobby Joe Sasser is preliminary given the early stage of this litigation. This Defendant is merely attempting to provide certain information that may be applicable to the comparative fault defense and this Defendant is in no manner limiting its basis for comparative fault to the party identified herein.

f. Destiny Church of the Assemblies of God, ("Destiny Church") a Tennessee non-profit corporation with a principal address of 614 N. Main Street, Columbia, Tennessee 38401-3304 and registered agent address as Todd Alexander, Suite 110, 383 E. Main Street, Hendersonville, Tennessee 37075-2565 is comparatively negligent. Destiny Church is believed to be the employer for Bobby Joe Sasser, the driver of the van at the time of the accident. Destiny Church may be liable for the negligent actions of Bobby Joe Sasser under the doctrine of *Respondent Superior*

8

or any other theory which would impute liability upon an employer. Further, Destiny Church may be liable for failing to provide proper supervision of the minors on the trip, including the minor Plaintiffs, in that an unqualified, not-properly trained and/or not properly rested driver was allowed to transport the individuals, including the minor Plaintiffs, from a sleep-over event in west Tennessee. Destiny Church may further be comparatively negligent for failing to ensure the occupants in the van, including the minor Plaintiffs, were properly utilizing their seatbelts and/or occupant safety restraints. The basis for comparative fault against Destiny Church is preliminary given the early stage of this litigation. This Defendant is merely attempting to provide certain information that may be applicable to the comparative fault defense and this Defendant is in no manner limiting its basis for comparative fault to the party identified herein.

g. Any of the entities and/or individuals identified in the Sumner County lawsuit filed by Jean Ann Turner, individually and as the natural parent of Mackenzie Taylor Turner, deceased, may be comparatively negligent based upon the allegations contained in the lawsuit. The basis for comparative fault against these entities and/or individuals is preliminary given the early stage of this litigation. This Defendant is merely attempting to provide certain information that may be applicable to the comparative fault defense and this Defendant is in no manner limiting its basis for comparative fault to the party identified herein.

h. Any presently unidentified and/or unknown individuals and/or entities which may have been responsible, in whole or in part, for the accident and/or injuries received by the minor Plaintiffs.

11. This Defendant relies on all applicable statutes of limitations, including without limitation, T.C.A. §§ 20-1-119, 28-3-l04, 29-28-l03 and 47-2-725, if proven applicable by investigation and discovery.

12. Plaintiffs' claim may be preempted in whole or in part, by federal statute and regulation.

13. The damages and/or injuries, of which the Plaintiffs' complain, if any, were caused by intervening and superseding causes, thereby relieving this Defendant of any responsibility therefore.

14. Plaintiffs' Complaint is in violation of T.C.A. § 29-28-107 in that the Complaint fails to state an amount sought to be recovered.

15. This Defendant demands a jury of the maximum amount of jurors allowed by law to try all issues so triable.

16. This Defendant moves the Court for permission to amend this Answer and plead its defenses more specifically at the conclusion of its investigation and discovery proceedings.

Respectfully Submitted,

/s/ Lawrence A. Sutter
Lawrence A. Sutter (BPR #21353)
**Sutter O'Connell Co.**
3600 Erieview Tower
1301 East Ninth Street
Cleveland, Ohio 44114
Office: (216) 928-2200
Fax: (216) 928-4400

/s/ J. Britt Phillips
J. Britt Phillips (BPR #20937)
**Sutter O'Connell Co.**
341 Cool Springs Blvd., Suite 430
Franklin, Tennessee 37067
Office: (615) 771-5008
Fax: (615) 771-1080
*Attorneys for Defendant, Chrysler Group LLC*

## JURY DEMAND

Now comes Defendant, by and through counsel, and herein demands a trial by a jury composed of the maximum number of jurors allowed by law.

/s/ J. BRITT PHILLIPS
J. Britt Phillips (BPR #20937)

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2012, a copy of **Defendant Chrysler Group LLC's Answer to Plaintiffs' Complaint** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system:

Peggy L. Tolson - ptolson@tolsonlaw.net
**Tolson & Associates**
7100 Executive Center Drive Suite 110
Brentwood, TN 37027

/s/ J. BRITT PHILLIPS
J. Britt Phillips (BPR #20937)